**Irven M. LAYDEN, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 20118.**

United States District Court
E. D. New York.

Jan. 5, 1961.

H. Elliot Wales, New York City, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Malvern Hill, Jr., Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendant.

RAYFIEL, District Judge.

These are cross-motions for summary judgment. The plaintiff herein has brought this action pursuant to Section 405(g) of Title 42 U.S.C.A., to review the decision of the Social Security Administration, which denied his claim for disability benefits under the Social Security Act.

The plaintiff was born on March 29, 1902, served in the Armed Forces, and was employed as an installer of automatic sprinkler systems. Some time in 1945 he suffered a heart attack, and, later, angina pectoris, for which he was treated through 1950.

In 1951 he developed diabetes mellitus, and in 1954 chronic prostatis and diabetic neuropathy. His earnings were negligible from 1945 to 1950, inclusive. In 1951 he obtained sporadic employment as a

watchman and as a messenger, earning $589.43 in 1951, $1,128.30 in 1952, $305.-94 in 1953, and $347.26 in 1954.

The plaintiff contends that he became totally and permanently disabled within the meaning of the Social Security Act in 1945, when he suffered his initial heart attack; that he is entitled to have his wage record frozen from that time until March 29, 1952, the date of his fiftieth birthday, and to collect disability payments from July, 1957.

I disagree. The record discloses that, although the plaintiff suffered his first heart attack in 1945, he was able to return to work as a messenger and as a watchman during the years of 1951, 1952, 1953 and 1954. His record of earnings, which is attached to the record of the proceedings before the Social Security Administration at page 53, shows that he was employed in the last three quarters of 1951, the first three quarters of 1952, the first and last quarters of 1953, and the first two quarters of 1954. He has not been employed since then. It would appear, therefore, that his disability, if any, commenced in the third quarter of 1954. However, in a letter dated February 6, 1958, written to the plaintiff by Arthur E. Hess, Assistant Director of the Social Security Administration, a copy of which is attached to the record at pages 63 and 64, the date of the plaintiff's disability was fixed at September 30, 1952.

The first question to be determined is whether the plaintiff, either on September 30, 1952 or on June 30, 1954, had met the earnings requirements of twenty quarters of coverage in the forty calendar quarters ending with the quarter in which the disability began, and whether he acquired not less than six quarters of this coverage in the last thirteen quarters of the same period, as required by the Social Security Act, Title 42 U.S.C.A. § 416(i) (2), (3) and (4). On neither of these dates did he meet the earnings requirements. As of September 30, 1952 he had sixteen quarters of coverage in the preceding forty calendar quarters, and six quarters of coverage in the preceding thirteen calendar quarters. As of June 30, 1954 he had sixteen quarters of coverage in the preceding forty calendar quarters and ten quarters of coverage in the preceding thirteen calendar quarters.

The Social Security Administration has found that the plaintiff has not met the earnings requirements, and there is substantial evidence to support that finding. The decision of the Secretary denying the disability benefits is, therefore, conclusive on this Court, pursuant to the provisions of Section 405(g) of Title 42.

The plaintiff's motion for summary judgment is denied and the defendant's motion is granted.

Settle order on notice.